THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

ELMER LUCAS, et. al.,

                 Plaintiffs,

v.                                     Case No. 4:10-CV-00582 DGK

JERUSALEM CAFE, LLC
FARID AZZEH
ADEL ALAZZEH

                 Defendants.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

Plaintiffs have moved this Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure for an Order striking affirmative defenses two, four, five, and seven of Defendant's answer. As set forth below, these defenses are invalid as a matter of law under the facts pled and admitted.

**INTRODUCTION, FACTS, AND NATURE OF THE CASE**

This is an action under the Fair Labor Standards Act of 1938 (FLSA). Plaintiffs allege that Defendants have failed to pay both the proper minimum wage and the overtime premium for hours worked in excess of forty hours per week. Defendants have pled eight separate affirmative defenses. The evidence will not support any of these defenses. Four of those defenses, however, either have no basis in law under these facts, or are insufficiently pled such that they are in violation of Federal Rule of Civil Procedure 8(a).

1

**Argument**

**A. Affirmative Defenses Found in Paragraphs Two, Four, and Seven of Plaintiff's Answer Are Factually Insufficient and Should be Stricken.**

**1. The Pleading Requirements Applicable to Affirmative Defenses.**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "upon motion, . . . the court may order stricken from any pleading any *insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added). Although motions to strike are "viewed with disfavor and are infrequently granted," *Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F. 3d 1059, 1063 (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)), "a motion to strike should be granted when doing so will make trial of the action less complicated or otherwise streamline the ultimate resolution of the action." *Lankford v. Webco, Inc.*, 2007 WL 465637, * 6 (W.D. Mo. February 8, 2007) (citing *General Casualty Ins. Co. of Wisconsin v. Penn-Co Construction, Inc.*, 2005 WL 1843462 (N.D. Iowa July 29, 2005)).

In *Bell Atlantic Corp. v. Twombly ("Twombly")*, 550 U.S. 544, 570, (2007) and *Ashcroft v. Iqbal ("Iqbal")*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009), the Supreme Court articulated a heightened pleading standard for claims, and held that pleadings required "more than labels and conclusions." While this Court does not seem to have addressed whether this standard applies to affirmative defenses as well, sound logic dictates that it would. As Judge Rushfelt, writing for the District of Kansas, in *Hayne v. Green Ford Sales, Inc.*, 236 F.R.D. 647 (D. Kan. 2009) noted:

> "[i]t makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of a possibility that it may apply to the case."[1]

---

[1] Numerous other courts have likewise held that the heightened pleading standard in *Twombly* and *Iqbal* apply to affirmative defenses: See Footnote 15 in *Hayne decision*. *See also Francisco v. Verizon South, Inc.*, 2010 WL

2

*Id.* at 650. Thus, the *Hayne* Court noted that in order for an affirmative defense to be sufficient, it must comply with Rule 8's requirement that pleadings contain a "short and plain statement of the claim." *Id.* Although the court recognized that parties do not always know all the facts relevant to their case prior to discovery, it nevertheless requires that parties provide sufficient facts such that the opposing party has notice that there is some "plausible factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case." *Id.*

2. **Affirmative Defenses Two, Four, and Seven are Factually Insufficient**.

Affirmative defense two provides:

> 2. For its second Affirmative Defense, Defendants state that Plaintiffs' claims are barred or limited by the applicable statute of limitations.

However, Defendant's assertion fails to mention any dates or a time period. This type of vague pleading has been held to be factually insufficient. *See Hayne*, 263 F.R.D. at 651-652 (striking an affirmative defense as factually insufficient when Defendant alleged that claim was barred by statute of limitations, but failed to provide any details as to dates or time period). This affirmative defense should be stricken absent an amendment by Defendant.

Affirmative defense four provides:

4. For its Fourth Affirmative Defense, Defendants state that Plaintiffs' claims are barred by the principle of estoppel.

Once again, this affirmative defense lacks any factual support, so Plaintiffs are left to speculate as to exactly what Defendant intends by making this assertion. This defense is also legally unavailable to an FLSA defendant. See *infra*.

Affirmative defense seven provides:

---

2990159 at *6 (E.D. Va. July 29, 2010)(noting a long list of courts that have addressed this issue and found that heightened pleading requirements apply to affirmative defenses).

3

Case 4:10-cv-00582-DGK   Document 11   Filed 09/24/10   Page 3 of 5

7. For its Seventh Affirmative Defense, Defendants state that all or part of Plaintiffs' claims are barred under the *de minimus* [sic] doctrine.

However, Defendants fail to provide any factual support as to what they intend to plead with this affirmative defense, or even to which Plaintiff it applies. As all the Plaintiffs worked different schedules, Plaintiff will need some additional factual detail in order to respond to this defense.

Plaintiffs will be prejudiced if they are forced to expend time and resources fishing for the basis of factually inadequate defenses. Accordingly, in the interest of narrowing the scope of discovery, which will save time and expense for both parties and this Court, this Court should strike Defendant's affirmative defenses two, four, and seven.

**B. <u>Affirmative Defenses Four and Five are not Applicable to this Matter.</u>**

Even if Defendants were to provide additional detail regarding their estoppel defense (affirmative defense No. 4), "the doctrine of estoppel is not recognized as an affirmative defense to an FLSA action" and "federal courts have repeatedly rejected equitable estoppel as an affirmative defense to an FLSA action." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1320 (S.D. Fla. 2005). Thus, this defense should be stricken.

Affirmative Defense number five asserts that Plaintiffs are not similarly situated to each other, "to the proposed class members or to any other person for purposes of the FLSA." However, Plaintiffs have not pled this matter as a class or even a collective action. This defense, therefore, is irrelevant to this proceeding and should be stricken.

<u>Conclusion</u>

Defendants have asserted numerous defenses, many of which either lack adequate factual support or are legally irrelevant. Plaintiffs will be prejudiced if they are forced to fish for the

4

basis of claims that lack factual support, or to litigate claims that have no bearing on this matter. Justice demands that these defenses be stricken.

                          Respectfully submitted,

                          /s/ Heather J. Schlozman
                        **DUGAN SCHLOZMAN LLC**
                        Mark V. Dugan          Mo. Bar # 39639
                        mark@duganschlozman.com
                        Heather J. Schlozman    Mo. Bar # 43234
                        heather@duganschlozman.com
                        7001 W. 79th Street
                        Overland Park, KS 66204
                        Telephone: (913) 322-3528

                        **COUNSEL FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

On September 24, 2010, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which sent notification of such filing to the following:

        Tarak Alexander Devkota
        4010 Washington Street, Suite 204
        Kansas City, MO 64111

        ATTORNEY FOR DEFENDANTS JERUSALEM CAFÉ, FARRID AZZEH, AND ADEL ALAZZEH

                        /s/ Heather J. Schlozman