# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ELMER LUCAS, et. al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:10-cv-00582-DGK |
| JERUSALEM CAFÉ, LLC, et al, | ) |
| Defendants. | ) |

## ORDER

This case comes before the Court via Plaintiff's Motion to Strike Certain Affirmative Defenses (doc 10). The Court has reviewed this Motion in conjunction with Plaintiffs' Memorandum in Support of Their Motion to Strike (doc. 11), Defendants' Response to Plaintiffs' Motion to Strike (doc. 14), and Plaintiffs' Reply Memorandum in Support of Their Motion to Strike (doc. 18). For the reasons discussed below, Plaintiff's Motion is GRANTED.

## Background

Defendant Jerusalem Café, LLC, is a local restaurant, and Defendants Farid Azzeh and Adel Alazzeh are two present or former owners of the business. Plaintiffs, who are all former employees of the Jerusalem Café, allege that Defendants violated the Fair Labors Standard Act of 1938 ("FLSA") by failing to pay them the minimum wage and overtime pay. Defendants' Answer asserts eight affirmative defenses. Plaintiff moves to strike affirmative defenses numbered two, four, five and seven, claiming that they are insufficiently pled or inapplicable to the case at hand.

### Standard of Review for Rule 12(f) Motion to Strike

Federal Rule of Civil Procedure 12(f) allows a district court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." A court enjoys liberal discretion under Rule 12(f), however, motions to strike are viewed with disfavor and rarely granted. *Associated Indem. Corp. v. Small*, No. 06-00187-CV-W-REL., 2007 WL 844773 (W.D. Mo. Mar. 19, 2007) (*citing Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977)).

### Standard of Review for Rule 8(c) Affirmative Defenses

Federal Rule of Civil Procedure 8(c) requires a defendant to "affirmatively state any avoidance or affirmative defense" in response to a pleading. The Supreme Court has concluded that a complaint must contain "sufficient factual material" in order to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). This pleading standard requires more than just a "threadbare recitals of a cause of actions elements, supported by mere conclusory statements." *Id.* at 1940. The *Iqbal* standard requires pleading that provides the grounds for entitlement to relief. *Id.*

### Applying the *Iqbal* Standard to Affirmative Defenses

There is currently a split of authority in the district courts regarding the applicability of the *Iqbal* pleading standard to affirmative defenses. A majority of district courts have held that the *Iqbal* standard is applicable to affirmative defenses. *Francisco v. Verizon South, Inc.,* No. 3:09cv737, 2010 WL 2990159 at *6 n.3 (E.D. Va. Jul. 29, 2010) (noting that a majority of district courts have applied *Iqbal* to affirmative defenses). These courts reason that the heightened pleading standard should be applied to affirmative defenses because a plaintiff

attempting to address an affirmative defense lacking factual allegations would be placed in the same position as a defendant trying to address a pleading with the same deficiencies. *Id.* at *7.

A minority of district courts have ruled that *Iqbal* only applies to Rule 8(a) and not Rule 8(b) or 8(c). *First Nat'l Ins. Co. of Am. v. Camps Services, Ltd.*, No. 08-cv-12805, 2009 WL 22861 (E.D. Mich. Jan. 5, 2009). They hold that the "short and plain statement" requirement of Rule 8(a) and 8(b) is absent from Rule 8(c), the applicable rule for affirmative defenses. *Id.* at *2.

**Analysis**

This Court finds the majority view more persuasive. It makes little sense to hold defendants to a lower pleading standard than plaintiffs when, "in both instances, the purpose of pleading requirements is to provide enough notice that to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. Dec. 22, 2009). Accordingly, affirmative defenses should be held to the same standard as pleadings. A party asserting an affirmative defense is not required to plead evidentiary facts, merely a short, plain statement of facts giving rise to the affirmative defense.

Defendant has asserted the following affirmative defenses which are at issue:

> 2. For its Second Affirmative Defense, Defendants state that Plaintiffs' claims are barred or limited by the applicable statute of limitations.
>
> . . .
>
> 4. For its Fourth Affirmative Defense, Defendants state that Plaintiffs' claims are barred by the principle of estoppel.
>
> . . .

> 5. For its Fifth Affirmative Defense, Defendants state that Plaintiffs are not similarly situated to each other, to the proposed class members or to any other person or persons for purposes of the FLSA.
>
> . . .
>
> 7. For its Seventh Affirmative Defense, Defendants state that all or part of Plaintiffs' claims are barred under the *de minimus* [sic] doctrine.

Answer at 5. Plaintiffs have moved to strike defenses two, four, and seven on the grounds that they are factually insufficient, and defenses four and five on the grounds that they are inapplicable to this action. With respect to the former group the Court finds they amount to "threadbare recitals of a cause of actions elements" and are too conclusory to afford plaintiffs fair notice of the grounds upon which they are based. *Iqbal,* 129 S. Ct. at 1940. With respect to the fifth defense the Court finds that because Plaintiffs have not pled this case as a class or even a collective action this defense is inapplicable.

The Court grants the motion to strike affirmative defenses two, four, five, and seven. However, because of the disfavored nature of a 12(f) motion to strike, the Court will grant Defendant leave to amend the defects in its answer pursuant to Fed. R. Civ. P. 15(a)(2). Defendant shall have until April 25, 2011 to file an amended answer to adequately plead affirmative defenses two, four, and seven.

**IT IS SO ORDERED.**

DATE: April 11, 2011                    /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT