# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ELMER LUCAS, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CV-00582-DGK |
| | ) | |
| JERUSALEM CAFÉ, LLC, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING SECOND MOTION TO STRIKE

Now pending before the Court is Plaintiffs' Motion to Strike Defense Number Four or in the Alternative to Reopen Discovery. Doc. 33. For the reasons discussed below, Plaintiffs' Motion is DENIED.

**Analysis**

Plaintiffs are all former employees of the Jerusalem Café who allege that Defendants Jerusalem Café, LLC, along with Farid Azzeh and Adel Alazzeh, two present or former owners of the business, violated the Fair Labor Standard Act of 1938. This Court previously granted in part Plaintiffs' Motion to Strike Certain Affirmative Defenses, striking Defendant's fourth affirmative defense as factually insufficient under *Iqbal*, but giving Defendants leave to amend their Answer. Defendants subsequently filed a First Amended Answer (doc. 32) containing a revised fourth affirmative defense, which Plaintiffs contend still does not supply sufficient facts.

As discussed in the prior Order (doc. 31), this Court applies the *Iqbal* pleading standard to affirmative defenses. This standard requires more than just "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Alternatively, this standard does not impose a burden upon a defendant to plead detailed facts. A defendant must simply provide a short, plain statement of facts giving rise to the affirmative defense.

In the present case, Defendants' have amended the initial fourth affirmative defense, which read "Defendants state that Plaintiffs' claims are barred by the principle of estoppel," by adding the sentence, "Plaintiffs' [sic] made statements to Dept. of Labor and/or other government agencies resulting in an investigation of Defendants in which Plaintiffs stated they were paid for work performed." This Court holds the addition of the second sentence gives Plaintiffs sufficient notice as to the factual basis for the estoppel defense and that the *Iqbal* standard is satisfied. Accordingly, the Motion to Strike is DENIED.

Arguing in the alternative, Plaintiffs have also requested that the Court reopen discovery to allow inquiry into the factual basis of this affirmative defense. Plaintiffs note that they sought documents from Defendants during discovery that would evidence any interaction between the Department of Labor and Defendants. Defendants responded that none existed. Plaintiffs ask that discovery be reopened for the limited purpose of allowing them to inquire as to the factual basis for this defense. Defendants respond that affirmative defense four was established from Plaintiff's Rule 26 disclosures and from deposition testimony produced by Plaintiffs, thus there is no point in reopening discovery.

The Court agrees and sees no need to reopen discovery here. Defense counsel is an officer of the Court, and the Court will take him at his word that there is no more discovery to be had on this affirmative defense. That said, because Defendants have represented to the Court that affirmative defense four was established from Plaintiffs' Rule 26 disclosures and Plaintiffs'

deposition testimony only, Defendants will not be allowed to use any other evidence at trial to establish this affirmative defense.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Strike Affirmative Defense Number Four or in the Alternative to Reopen Discovery (doc. 33) is DENIED.

**IT IS SO ORDERED.**

DATE:  August 10, 2011                            /s/ Greg Kays
                                                                  GREG KAYS, JUDGE
                                                                  UNITED STATES DISTRICT COURT