## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

ELMER LUCAS, et. al.,              )
                                   )
    Plaintiffs,              )
                                   )
v.                                 )          Case No. 4:10-CV-00582-DGK
                                   )
JERUSALEM CAFÉ, LLC, et. al.,      )
                                   )
    Defendants.              )

## JUDGMENT AND ORDER REGARDING DAMAGES

Plaintiffs brought this case under the Fair Labor Standards Act ("FLSA") alleging Defendants failed to pay them the applicable minimum wage and/or all the overtime wages they were due. After a four day trial the jury returned a verdict in the Plaintiffs' favor. The verdict form contained a series of questions, the answers to which form the basis for the damages calculations in this case.

Now before the Court is Plaintiffs' Damages Brief (doc. 80), Defendants' Response (doc. 82), and Plaintiffs' Reply (doc. 83). Plaintiffs calculate that the total amount of unpaid minimum wages and unpaid overtime in this case is $141,864.04, and ask the Court to award an equal amount in liquidated damages, for a total award of $283,728.08.[1] Defendants do not contest Plaintiffs' calculations, but argue that the Court should not award liquidated damages.

Finding Plaintiffs' calculations are correct and that liquidated damages are appropriate, the Court awards Plaintiffs the following damages against Defendants jointly and severally: Gonzalo Leal - $42,998.64; Elmer Lucas - $44,527.40; Esvin Lucas - $30,752.46; Feliciano Macario - $68,680.30; Margarito Rodas - $42,998.64; Bernabe Villavicencio - $53,770.64.

---

[1] The FLSA also provides for a statutory award of attorneys' fees and costs which will be determined after subsequent briefing.

**Discussion**

**A.  Plaintiffs' calculations of damages are correct.**

Plaintiffs have submitted a detailed calculation of damages for unpaid minimum wages and overtime.  Defendants do not contest these calculations.  The Court has independently reviewed these calculations and finds they are accurate.[2]  Accordingly, the Court adopts these calculations.  They are attached as Appendix A to this order.

**B.  Plaintiffs are entitled to liquidated damages.**

The FLSA provides that, in addition to unpaid minimum wage and overtime, a defendant is liable for liquidated damages in an amount equal to the amount of actual damages.  29 U.S.C. § 216(b).  Liquidated damages are compensatory, not punitive, because they "account for the fact that actual damages, such as costs to the employee arising from the delay in receiving wages, may be difficult to calculate and prove."  *Fenton v. Farmers Ins. Exch.*, 663 F. Supp. 2d 718, 728 (8th Cir. 2009).

Under 29 U.S.C. § 260 the Court has discretion whether to award liquidated damages.  However, an award "is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA."  *Jarrett v. ERC Prop., Inc.*, 211 F.3d 1078, 1083 (8th Cir. 2000).  This "'burden is a difficult one, with double damages being the norm and single damages the exception.'"  *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941-42 (8th Cir. 2008), quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2nd Cir. 1999).  "To demonstrate good faith, employers must show an honest effort to discover and follow the FLSA's requirements."  *Fenton*, 663 F. Supp. 2d at 728.  Where—as here—the jury has found

---

[2] The Court did find a typographical error in Feliciano Macario's calculations.  Under the "July 2009 to January 2010" heading, the weekly hours worked  is listed as 82.  This is a typographical error.  The jury found Mr. Macario worked 77 hours a week.  His rate of pay calculation, however, was made using the correct number of hours, 77,  so the damages calculation is correct.

that an employer has violated the FLSA willfully, "it is hard to mount a serious argument" that the employer "has nonetheless acted in good faith." *Jarrett*, 211 F.3d at 1084.

In the present case, Defendants do not even attempt to argue that they had good faith and reasonable grounds for believing that they were in compliance with the FLSA. Nor could they. There is no evidence on the record that Defendants intended to comply with the FLSA with respect to Plaintiffs. On the contrary, the evidence shows Defendants intentionally and systematically evaded federal law, paying Plaintiffs under the table and concocting a fantastic story that Plaintiffs volunteered to work for them without pay. To avoid liquidated damages, Defendants instead argue that under the Immigration Reform and Control Act of 1986 ("IRCA"), 8 U.S.C. § 1324a, which makes it unlawful to hire an unauthorized alien,[3] Plaintiffs "receipt of *any* wages is patently *unlawful*." Resp. at 2 (emphasis in original).

Assuming that Defendants can even raise this argument for the first time in a post-trial motion, the Court finds there is no merit to it. In *Patel v. Quality Inn South* the Eleventh Circuit Court of Appeals considered this specific argument and rejected it. 846 F.2d 700 (11th Cir. 1988). It held, "[N]othing in the IRCA or its legislative history suggests that Congress intended to limit the rights of undocumented aliens under the FLSA. To the contrary, the FLSA's coverage of undocumented aliens is fully consistent with the IRCA and the policies behind it." *Id.* at 704. The Eleventh Circuit also noted that in "section 111(d) [of the IRCA] Congress specifically authorized the appropriation of additional funds for increased FLSA enforcement on behalf of undocumented aliens." *Id.* "This provision would make little sense if Congress had intended the IRCA to repeal the FLSA's coverage of undocumented aliens." *Id.*

---

[3] By "unauthorized alien" the Court means a non-citizen who is not an alien lawfully admitted for permanent residence, or authorized to be employed by the law or the Attorney General. *See* 8 U.S.C. § 1324a(h)(3).

The law here is clear. While the IRCA forbids employers from hiring unauthorized alien and forbids unauthorized aliens from working in the United States, if an employer decides to break the law and hire an unauthorized alien, that employer must pay wages at a rate that complies with the FLSA. Consequently, as this Court previously held in its September 27, 2011 Order, "[Plaintiffs'] immigration status is irrelevant. Illegal aliens have a right to recover unpaid wages under the FLSA. *Jin-Ming Lin v. Chinatown Restaurant Corp.*, 771 F. Supp. 2d 185, 190 (D. Mass. 2011)."

Because Defendants have not carried their burden to show good faith compliance with the FLSA, an award of liquidated damages is appropriate.

## Conclusion

The Court awards Plaintiffs the following damages, which include liquidated damages, against Defendants jointly and severally: Gonzalo Leal - $42,998.64; Elmer Lucas - $44,527.40; Esvin Lucas - $30,752.46; Feliciano Macario - $68,680.30; Margarito Rodas - $42,998.64; Bernabe Villavicencio - $53,770.64.

**IT IS SO ORDERED.**

DATE: <u>December 12, 2011</u>          <u>/s/ Greg Kays</u>
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT

4

**Calculation of Unpaid Overtime and Unpaid Minimum Wage**

**Gonzalo Leal**
June 2007 to July 2007
$420/week, 77 hours/week, $5.15 minimum wage, regular hourly rate of pay =          $5.45
OT: $2.725/hour x 37 hours x 6 weeks =                                            $604.95

July 2007 to July 2008
$420/week, 77 hours/week, $5.85 minimum wage, regular rate of pay =                 $5.45
MW: $0.40/hour x 77 hours/week x 52 weeks =                                     $1,601.60
OT: $2.925/hour x 37 hours x 52 weeks =                                         $5,627.70

July 2008 to September 2008
$420/week, 77 hours/week, $6.55 minimum wage, regular rate of pay =                 $5.45
MW: $1.10/hour x 77 hours/week x 8 weeks =                                        $677.60
OT: $3.275/hour x 37 hours x 8 weeks =                                            $969.40

September 2008 to July 2009
$500/week, 77 hours/week, $6.55 minimum wage, regular rate of pay =                 $6.49
MW: $0.06/hour x 77 hours/week x 45 weeks =                                       $207.90
OT: $3.275/hour x 37 hours x 45 weeks =                                         $5,452.88

July 2009 to March 2010
$500/week, 77 hours/week, $7.25 minimum wage, regular rate of pay =                 $6.49
MW: $0.76/hour x 77 hours/week x 33 weeks =                                     $1,931.16
OT: $3.625/hour x 37 hours x 33 weeks =                                         $4,426.13

Minimum wage underpayment:                                                    **$4,418.26**

Unpaid overtime:                                                            **$17,081.06**

Total, before liquidated damages:                                           **$21,499.32**

**Elmer Lucas**
June 2007 to July 2007
$360/week, 77 hours/week, $5.15 minimum wage, regular hourly rate of pay =     $4.68
MW: $0.47/hour x 77 hours/week x 6 weeks =                                     $217.14
OT: $2.575/hour x 37 hours x 6 weeks =                                         $571.65

July 2007 to March 2008
$360/week, 77 hours/week, $5.58 minimum wage, regular hourly rate of pay =     $4.68
MW: $1.17/hour x 77 hours/week x 34 weeks =                                  $3,063.06
OT: $2.925/hour x 37 hours x 34 weeks =                                      $3,679.65

March 2008 to July 2008
$480/week, 77 hours/week, $5.85 minimum wage, regular hourly rate of pay =     $6.23
OT: $3.115/hour x 37 hours x 18 weeks =                                      $2,07.59

July 2008 to September 2008
$480/week, 77 hours/week, $6.55 minimum wage, regular hourly rate of pay =     $6.23
MW: $0.32/hour x 77 hours/week x 8 weeks =                                    $197.12
OT: $3.275/hour x 37 hours x 8 weeks =                                        $969.40

September 2008 to September 2009
$640/week, 77 hours/week, regular hourly rate of pay =                         $8.31
OT: $4.115/hour x 37 hours x 52 weeks =                                      $7,994.22

September 2009 to March 2010
$560/week, 77 hours/week, $7.25 minimum wage, regular hourly rate of pay =     $7.27
OT: $3.635/hour x 37 hours x 26 weeks =                                      $3,496.87

Minimum wage underpayment:                                                  **$3,477.32**

Unpaid overtime:                                                         **$18,785.38**

Total unpaid wages, before liquidated damages:                            **$22,263.70**

**Esvin Lucas**
June 2007 to January 2010
$550/week, 66 hours/week, regular hourly rate of pay =                         $8.33
OT: $4.167/hour x 26 hours x 135 weeks =                                    $14,626.17

January 2010 to March 2010
$500/week, 60 hours/week, regular hourly rate of pay =                         $8.33
OT: $4.167/hour x 20 hours x 9 weeks =                                        $750.06

Unpaid overtime:                                                         **$15,376.23**

Total, before liquidated damages:                                         **$15,376.23**

**Feliciano Macario**

January 2008 to July 2008

| | |
|---|---:|
| $300/week, 77 hours/week, $5.85 minimum wage, regular hourly rate of pay = | $3.90 |
| MW: $1.95/hour x 77 hours x 28 weeks = | $4,204.20 |
| OT: $2.925/hour x 37 hours x 28 weeks = | $3,030.30 |

July 2008 to July 2009

| | |
|---|---:|
| $300/week, 77 hours/week, $6.55 minimum wage, regular hourly rate of pay = | $3.90 |
| MW: $2.65/hour x 77 hours/week x 52 weeks = | $10,610.60 |
| OT: $3.275/hour x 37 hours x 52 weeks = | $6,301.10 |

July 2009 to January 2010

| | |
|---|---:|
| $300/week, 82 hours/week, $7.25 minimum wage, regular hourly rate of pay = | $3.90 |
| MW: $3.35/hour x 77 hours/week x 26 weeks = | $6,706.70 |
| OT: $3.625/hour x 37 hours x 26 weeks = | $3,487.25 |

| | |
|---|---:|
| Minimum wage underpayment: | **$21,521.50** |
| Unpaid overtime: | **$12,818.65** |
| Total, before liquidated damages: | **$34,340.15** |

**Margarito Rodas**
June 2007 to July 2007
$420/week, 77 hours/week, $5.15 minimum wage, regular hourly rate of pay =          $5.45
OT: $2.725/hour x 37 hours x 6 weeks =                                              $604.95

July 2007 to July 2008
$420/week, 77 hours/week, $5.85 minimum wage, regular hourly rate of pay =          $5.45
MW: $0.40/hour x 77 hours/week x 52 weeks =                                         $1,601.60
OT: $2.925/hour x 37 hours x 52 weeks =                                             $5,627.70

July 2008 to September 2008
$420/week, 77 hours/week, $6.55 minimum wage, regular hourly rate of pay =          $5.45
MW: $1.10/hour x 77 hours/week x 8 weeks =                                          $677.60
OT: $3.275/hour x 37 hours x 8 weeks =                                              $969.40

September 2008 to July 2009
$500/week, 77 hours/week, $6.55 minimum wage, regular hourly rate of pay =          $6.49
MW: $0.06/hour x 77 hours/week x 45 weeks =                                         $207.90
OT: $3.275/hour x 37 hours x 45 weeks =                                             $5,452.88

July 2009 to March 2010
$500/week, 77 hours/week, $7.25 minimum wage, regular hourly rate of pay =          $6.49
MW: $0.76/hour x 77 hours/week x 33 weeks =                                         $1,931.16
OT: $3.625/hour x 37 hours x 33 weeks =                                             $4,426.13
Minimum wage underpayment:                                                         **$4,418.26**

Unpaid overtime:                                                                   **$17,081.06**

Total, before liquidated damages:                                                  **$21,499.32**

**Bernabe Villavicencio**
June 2007 to July 2009
$800/week, 77 hours/week, regular hourly rate of pay =                             $10.39
OT: $5.195/hour x 37 hours x 111 weeks =                                           $21,335.87

July 2009 to March 2010
$700/week, 77 hours/week, $7.25 minimum wage, regular hourly rate of pay           $9.09
OT: $4.545/hour x 37 hours x 33 weeks =                                            $5,549.45

Unpaid overtime:                                                                   **$26,885.32**

Total unpaid wages, before liquidated damages:                                     **$26,885.32**