IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ELMER LUCAS, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CV-00582-DGK |
| | ) | |
| JERUSALEM CAFÉ, LLC, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, A NEW TRIAL

Plaintiffs brought this case under the Fair Labor Standards Act ("FLSA") alleging Defendants failed to pay them the applicable minimum wage and/or overtime wages they were due. After a four day trial, the jury returned a verdict in Plaintiffs' favor on all counts.

Now before the Court is Defendants' Motion for Judgment as a Matter of Law or, Alternatively, a New Trial (doc. 86). Defendants contend the Plaintiffs, who entered this country illegally, lack standing to sue for back pay under the FLSA and the Court should enter judgment in their favor as a matter of law. Alternatively, Defendants contend a new trial is warranted because the Court erred in (1) granting Plaintiffs' motion in limine suppressing any evidence of Plaintiffs' immigration status, and (2) erred in refusing to issue separate element instructions for each Plaintiff and each Defendant.

Finding no merit to these arguments, Defendants' motion is DENIED.

**Standard**

Judgment as a matter of law is appropriate where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). In order

for the court to grant the motion, the evidence must be such that, "without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the verdict." *McGreevy v. Daktronics, Inc.*, 156 F.3d 837, 840 (8th Cir. 1998) (quotation omitted).

A Rule 59 motion for a new trial invokes the Court's discretion "by asserting that the verdict was against the weight of the evidence or that for other reasons of law the trial was manifestly unjust." *Cal. & Hawaiian Sugar Co. v. Kansas City Terminal Warehouse Co.*, 602 F. Supp. 183, 186 (W.D. Mo. 1985). It is not appropriate to use a Rule 59 motion "to repeat arguments or to raise new arguments that could have been made before judgment." *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997) (citations omitted); *Lowry ex. rel. Crow v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 761 (8th Cir. 2008).

## Discussion

### A. Plaintiffs have standing to sue Defendants for back pay under the FLSA.

Defendants assert that Plaintiffs, who entered the United States unlawfully and were not authorized to work here, lacked standing to sue Defendants for back pay under the FLSA because the Immigration Reform and Control Act of 1986 ("IRCA"), 8 U.S.C. § 1324a, implicitly amended the FLSA to prohibit undocumented aliens from lawfully receiving any wages or suing under the FLSA.

The question of standing concerns "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The Supreme Court has articulated several requirements for standing, some of which are constitutional—derived from the Court's interpretation of Article III—and some of which are prudential—derived from the need for prudent judicial administration. Erwin Chemerinsky,

Federal Jurisdiction, §2.3.1 at 59-60 (3rd ed. 1999). The constitutional limitations require a plaintiff to show (1) that the plaintiff personally has suffered an actual or threatened injury as a result of the defendant's conduct ("injury in fact"); (2) that plaintiff's injuries are traceable to the action challenged ("causation"); and (3) that the court can redress that injury by the relief requested ("redressibility"). *In re Malone v. City of Fenton, Mo.*, 592 F. Supp. 1135, 1153-54 (E.D. Mo. 1984); *see also Neighborhood Enters. Inc. v. City of St. Louis*, 644 F.3d 728, 735 (8th Cir. 2011). The prudential limits on standing are: (1) a party may, as a rule, assert only its own rights; (2) the plaintiff must have suffered an individualized injury, not a "generalized grievance;" and (3) the injury must fall within the zone of interest protected by the law in question. *In re Malone*, 592 F. Supp. at 1154; Chemerinsky, *supra*, at 60. In their motion, Defendants challenge whether the constitutional requirements are met. *See* doc. 86 at 7.

As a threshold matter, the Court holds this is not an argument concerning standing, but a belated attempt by Defendants to bring an affirmative defense by arguing it as a standing question.[1] Defendants appear to be casting this as a standing question because an affirmative defense must be raised before the case is submitted, while standing may be raised at any time, including for the first time in a post-trial motion. *Midwest Commc'ns., Inc. v. Minn. Twins, Inc.*, 779 F.2d 444, 449 (8th Cir. 1985). But Defendants waived any argument that the IRCA precludes Plaintiffs from recovering by failing to assert this argument earlier, for example, by

---

[1] The elements of an FLSA claim are: 1) plaintiff was *employed* by defendant during the relevant period; 2) plaintiff was engaged in commerce or employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000; and 3) the defendant failed to pay plaintiff minimum wage and/or overtime pay. 29 U.S.C. § 201, et. seq.; 8th Cir. Model Civ. Jury Instr. § 10.01 (2011) (emphasis added). The Court finds Defendants are asserting the affirmative defense that if a plaintiff is an undocumented worker then she is not "employed" under the FLSA. *See* doc. 88 at 5.

raising it in a motion to dismiss for failure to state a claim or on a motion for summary judgment.[2]

That said, the Court holds Plaintiffs do have standing to sue Defendants. Plaintiffs suffered an injury in fact, because they were not paid the proper wages for work they performed; this injury was the direct result of Defendants' failure to pay the lawful wage; and the court's judgment will redress Plaintiffs' injuries. Plaintiffs have standing to bring this lawsuit, and this portion of the motion is denied.[3]

**B.      The Court did not err in granting Plaintiff's motion in limine.**

Next, Defendants argue the Court should order a new trial because the Court erred in granting Plaintiffs' motion in limine precluding Defendants from mentioning Plaintiffs' immigration status. In its ruling, the Court reasoned that Plaintiffs' immigration status was irrelevant to the issues in the case because illegal aliens are not precluded from recovering unpaid wages under the FLSA. Defendants contend this ruling was incorrect and prejudiced them by preventing them from presenting their strongest defense to the jury.

The Court finds no merit to this argument. Evidentiary rulings at trial are reversible when 1) the evidence was wrongly excluded, and 2) the wrongly excluded evidence was so critical "that there is no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted." *Cavataio v. City of Bella Villa*, 570 F.3d 1015,

---

[2] Furthermore, given that every court that has ever considered this argument has rejected it, trial counsel's decision not to raise this defense was a sound one.

[3] In their reply brief, Defendants argue for the first time that Plaintiffs also fail to meet one of the prudential tests for standing, namely that Plaintiffs cannot demonstrate that they are within the zone of interests the statute aims to protect. The Court does not consider this argument because it is raised for the first time in a reply brief. Even if this argument were properly raised, however, it would be meritless because the FLSA was designed to protect illegal aliens as well as properly documented workers. *Jin-Ming Lin v. Chinatown Rest. Corp.*, 771 F. Supp. 2d 185, 190 (D. Mass. 2011). As the Eleventh Circuit Court of Appeals has noted, nothing in the IRCA limits "the rights of undocumented aliens under the FLSA. To the contrary, the FLSA's coverage of undocumented aliens is fully consistent with the IRCA and the policies behind it." *Patel v. Quality Inn South*, 846 F.2d 700, 704 (11th Cir. 1988).

1021 (8th Cir. 2009). With respect to the first prong, the Court holds there was no error here. The Court's ruling was correct and consistent with virtually all of the courts that have considered this issue. *See, e.g., Jin-Ming Lin v. Chinatown Rest. Corp.*, 771 F. Supp. 2d 185, 190 (D. Mass. 2011).

Furthermore, any error arising from this ruling was harmless because the ruling was undone when one of the Plaintiffs' inadvertently testified that all of the Plaintiffs were undocumented workers, and Defendants were subsequently allowed to freely mention this during their case-in-chief. Defendants argue, that at that point they were limited to only a "perfunctory, inadequate presentation" of this defense, and had they been able to discuss Plaintiffs' immigration status from the beginning, the jury might have reached a different verdict. This argument is without merit.

Defendants argue that had they been allowed to reference Plaintiffs illegal status, this would have supported their defense that they did not employ Plaintiffs because they were undocumented aliens. However, Defendants' testimony that they never employed the Plaintiffs, and that Plaintiffs simply occasionally "*volunteered*" to work at the restaurant without pay was contradicted by a mountain of more credible evidence, including a video of Plaintiffs working in the restaurant's kitchen and the testimony of two disinterested police officers who, in attempting to defuse a dispute, discussed with one of the Defendants how Plaintiffs' would be paid for their last days at work. Thus, even had Defendants been allowed to reference Plaintiffs' immigration status, the weight of the evidence overwhelmingly established that Plaintiffs were employees of the Defendants, not volunteers.

The Court holds there was no error here, and if there was any error, it was harmless. This portion of the motion is denied.

**C.     The Court did not err in refusing to give separate elements instructions for every Plaintiff and every Defendant.**

Finally, Defendants contend the Court erred by submitting one verdict form for each Plaintiff, with each form asking separate questions whether each Defendant employed that Plaintiff. For example, the first verdict form, for Plaintiff Esvin Lucas, separately asked whether Lucas was employed by Defendant Jerusalem Café, whether Lucas was employed by Defendant Farid Azzeh, and whether Lucas was employed by Defendant Adel Alazzeh. Thus, the jury could have decided that zero, one, two, or three of the Defendants employed Lucas.

Defendant contends this was "grossly unfair error" which "conflated the Plaintiffs' separate claims into one and the Defendants into one entity." Defendants argue the Court should have submitted the 18 liability questions in 18 separate verdict forms, and that the Court's failure to do so "substantially affected Defendants' right and denied them a fair trial.

There is no merit to this argument. First, Defendants never actually objected to the verdict forms as they were ultimately given. Although there was discussion of whether 18 separate forms should be given, defense counsel ultimately approved the instruction, stating he had no objection to the way it was written.

Second, even if Defendants had objected, there was no error. The question here is "whether the instructions, taken as a whole and viewed in the light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." *Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 711 (8th Cir. 2001). They did. The six verdict forms were a simple and efficient way of fairly and adequately submitting the issues to the jury. Submitting these same questions in 18 different forms, as Defendant suggests, would have been a more cumbersome way of asking the same questions. It

6

would not have clarified anything or altered the jury's verdict in any way. It would not have changed the overwhelming evidence on which the jury's verdict was based, which is what clearly drove the jury's decision.

This portion of the motion is denied.

## Conclusion

The Court holds Plaintiffs had standing to sue Defendants under the FLSA, thus Defendants are not entitled to judgment as a matter of law. The Court also holds that there was no error in granting Plaintiff's motion in limine or refusing to submit 18 different verdict forms to the jury, much less any error warranting a new trial. Defendants' Motion for Judgment as a Matter of Law or, Alternatively, a New Trial (doc. 86) is DENIED.

**IT IS SO ORDERED.**

DATE: May 10, 2012 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT